**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Stacy HUNTER, Defendant—Appellant.**

**No. 05–10168.**

United States Court of Appeals,
Ninth Circuit.

Submitted: Feb. 17, 2006.*

Decided: Feb. 22, 2006.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Loretta A. Sheehan, Office of the U.S. Attorney, Honolulu, HI, for Plaintiff—Appellee.

Richard T. Pafundi, Esq., Office of Richard T. Pafundi Attorney at Law, Honolulu, HI, for Defendant—Appellant.

Before: HALL, SILVERMAN, and GRABER, Circuit Judges.

### MEMORANDUM **

Defendant Stacy Hunter appeals the district court's denial of her motion to compel Roderick Hunter to provide a DNA sample for the purpose of assisting her to establish that Roderick Hunter is her biological father and that she is thus a United States citizen, in order to avoid possible deportation. Defendant pleaded guilty to one count of conspiracy to distribute and to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 846 and 841(a)(1). She does not appeal either her conviction or her sentence.

Defendant argued that the district court was authorized to compel Roderick Hunter to provide his DNA to the Bureau of Immigration and Customs Enforcement pursuant to the DNA Analysis Backlog Elimination Act of 2000, 42 U.S.C. §§ 14135a–14135e, which requires convicted federal felons to provide DNA samples as a condition of supervised release and permits disclosure of the samples under certain circumstances. The district court denied the motion, holding that defendant's potential deportation was not an issue before the district court, and that the district court lacked authority to issue such an order.

Defendant's motion is not ripe. No deportation proceedings have been initiated or even threatened. A federal court may not adjudicate a motion where "it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." *Texas v. United States,* 523 U.S. 296, 300, 118 S.Ct. 1257, 140 L.Ed.2d 406 (1998) (internal quotation marks omitted). Only if deportation proceedings were *certain* to be initiated would this issue be ripe for decision. *See Chang v. United States,* 327 F.3d 911, 922 (9th Cir.2003) (noting "firm prediction" rule that claim is ripe where denial of alien's application found to be "certain" despite lack of formal denial by agency).

Finally, we deny defendant's request to remand to the district court so it could issue a writ of *audita querela* in the event a detainer is actually filed against defendant. A federal court may not issue a writ of *audita querela* to vacate a conviction on the solely equitable ground that a convicted alien would be eligible for deportation, absent a legal defect in the conviction. *See Doe v. INS,* 120 F.3d 200, 204–05 (9th Cir.1997) (holding that "[f]or a court to vacate a final conviction solely because the defendant faces deportation would usurp the power of Congress to set" deportation standards, as there is "no independent source in law that empowers federal courts to vacate convictions to shield defendants from deportation").

**AFFIRMED.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.